# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:24-CV-489-FDW-DCK

| | | |
|---|---|---|
| UNITED OF CAROLINAS, INC., | ) | |
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| RITCHIE BROS. AUCTIONEERS (AMERICA) INC., and IRONPLANET, INC., | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Transfer Venue" (Document No. 8) filed June 14, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion and the record, and following consultation with the Judge Whitney's chambers, the undersigned will grant the motion.

By the instant motion, Defendants contend that the parties entered into a Multi-Channel Sales Agreement (the "Agreement") that includes in its "Terms and Conditions" "a mandatory forum-selection clause" (the "Clause"). (Document No. 8, p. 1). Pursuant to the Clause, Plaintiff was required "to bring any legal action 'arising from or relating to th[e] Agreement' exclusively in King County, Washington." Id. "In defiance of the Clause, Plaintiff filed this lawsuit in North Carolina state court, asserting various claims related to the Agreement." Id.

Based on the foregoing, Defendants argue that this case must be transferred to the United States District Court for the Western District of Washington. (Document No. 8, p. 2); see also (Document No. 9).

Plaintiff's response to the pending motion was due by June 28, 2024. See LCvR 7.1(e). Plaintiff failed to file a timely response to the pending motion, although Plaintiff's counsel indicated by email on July 2, 2024, that "Plaintiff is not contesting the Motion."[1]

The Court then issued an "Order" (Document No. 12) on July 8, 2024, directing Plaintiff to "file a response to 'Defendants' Motion To Transfer Venue' (Document No. 8), or, in the alternative, a Stipulation Of Dismissal on or before July 12, 2024."

"Plaintiff's Response To Defendants' Motion To Transfer Venue" (Document No. 13) was filed on July 15, 2024. Plaintiff states that: "[t]here is no dispute regarding the validity and enforceability of the Contract. For this reason, the Plaintiff consents to the Motion [To Transfer Venue]". (Document No. 13, p. 2).

Based on Defendants' persuasive motion and Plaintiff's consent, the undersigned will grant Defendants' motion.

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion To Transfer Venue" (Document No. 8) is **GRANTED**. This matter shall be **TRANSFERRED** to the United States District Court for the Western District of Washington

**SO ORDERED**.

Signed: July 15, 2024

David C. Keesler
United States Magistrate Judge

---

[1] It also appears that Plaintiff's counsel's contact information on the docket is at least partially inaccurate. Mr. Bimbo is respectfully advised to update all his contact information.